Mildred Elizabeth KEMP, Appellant,

v.

KNOX COUNTY, Tennessee, Knox County Board of Education, Appellees.

Nancy Ann GODDARD, Appellant,

v.

KNOX COUNTY, Tennessee, Knox County Board of Education, Appellees.

Court of Appeals of Tennessee, Western Section.

Feb. 25, 1977.

Certiorari Denied by Supreme Court Aug. 29, 1977.

Sidney W. Gilreath, Knoxville, for appellants.

Robert R. Campbell, Knoxville, for appellees.

NEARN, Judge.

This appeal actually involves two cases. Walter Kemp and Kenneth Goddard were simultaneously killed in a work-related accident. Wrongful death actions were filed by the legal representatives of each and the cases were consolidated for the purpose of trial. The trial issue and appeal issue in both cases is the same. It is suggested by counsel that one Opinion will dispose of both cases. Therefore, the Opinion will treat the Kemp case only, but applies to both.

Plaintiff's intestate was an employee of Cureton Plumbing and Heating Company and was killed on the job when the walls of

a sewer pipe ditch in which he was working collapsed upon him.

On June 8, 1970, defendant Knox County Board of Education entered into a contract with Tipton and Reynolds Construction Company (T & R) for the construction of Gibbs Primary School on Tazewell Pike in Knox County. Cureton was the subcontractor of T & R for the laying of the sewer line on the school property.

Mildred E. Kemp brought a wrongful death suit against the Knox County Board of Education and the suit was tried on the theory that Knox County Board of Education was liable because it had a non-delegable duty to protect the plaintiff's intestate from injury due to hazards created by unlawful work and work which is necessarily dangerous.

At the close of plaintiff's proof, the Trial Judge directed a verdict for the defendant and plaintiff has appealed.

The facts, viewed in the light most favorable to the plaintiff, would warrant a finding that Knox County Board of Education was desirous of building a new school building. T & R was hired as general, independent contractor to perform the task. Cureton was hired by T & R on a subcontract basis to do the plumbing work which included digging a deep ditch for the sewer line. Cureton was negligent in the manner in which it was digging the ditch and violated certain safety rules, which negligence was the sole proximate cause of the death of plaintiff's intestate. That is the gist of the proof.

The five Assignments of Error raise but one issue for our determination that is, was the Trial Judge correct in directing a verdict on the grounds that no non-delegable duty existed in this case which would make the defendant Knox County Board of Education vicariously liable?

Counsel for appellant relies heavily upon the case of *International Harvester Co. v. Sartain* (1948 W.S.) 32 Tenn.App. 425, 222 S.W.2d 854, in support of his argument for reversal of the Trial Judge. In our opinion the reliance is misplaced. First, we hold

that unlike supplying electricity, ditch digging is not an activity so inherently dangerous that the responsibility for the performance thereof may not be delegated. Second, even if it were so considered, the Knox County Board of Education would not be considered a "supplier" of ditch digging. See *Odum v. Haynes* (1972 W.S.Tenn.App.) 494 S.W.2d 795, where the holding in *International v. Sartain* was explained and distinguished.

We affirm the Trial Judge.

The Assignments of Error are overruled and costs are adjudged against appellant.

Done at Knoxville in the two hundred and first year of our Independence and in the one hundred and eighty-second year of our Statehood.

CARNEY, P. J., and MATHERNE, J., concur.